UNITED STATES of America,
Plaintiff—Appellee,

v.

LeAndre Drake DAVIS, Defendant—
Appellant.

No. 02–50372.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2004.

Decided March 11, 2004.

Ronald L. Cheng, Esq., Gregory J. Weingart, Esq., USLA–Office Of The U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Jerry D. Whatley, Santa Barbara, CA, for Defendant–Appellant.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM *

LeAndre Davis appeals his 87–month prison sentence on three grounds: (1) the district court did not perform the calculation for quantity of loss under U.S.S.G. § 2F1.1 (2000) as precisely as it might have; (2) the two victims of natural disaster Davis defrauded (by promising to rebuild their houses, accepting partial payment, and then failing to perform the promised work) were not "vulnerable" as that term is used in U.S.S.G. § 3A1.1

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(2000); and (3) the district court failed to apply the money laundering guideline in effect at the time of sentencing, U.S.S.G. § 2S1.1 (2001), and therefore, to his detriment, failed to group Davis' fraud and money laundering counts. We affirm the district court's sentencing decision.

█ With regard to Davis' first contention, we find the district court's quantity of loss calculation was sufficiently precise under the Sentencing Guidelines. *See* U.S.S.G. § 2F1.1, cmt. n. 9 (2000) ("[L]oss need not be determined with precision. The court need only make a reasonable estimate of the loss, given the available information."). Additionally, there is no evidence in the record to support Davis' claim that intermediaries have higher profit margins and overhead costs than direct service providers.

█ We do not decide whether the district court improperly applied the vulnerable victim adjustment, because, as the government explained and Davis conceded at oral argument, even if the district court did err, any error was harmless. As Davis was sentenced for two separate groups of offenses, his offense level for the fraud counts (to which the vulnerable victim adjustment applied) only affects his sentence to the extent it alters the multiple count adjustment he received. The multiple count adjustment would only change if the difference between his offense level for the fraud counts and his offense level for the money laundering counts is greater than four points. *See* U.S.S.G. § 3D1.4 (2000). Even without the vulnerable victim adjustment, the difference between the offense level for the fraud counts (23 points) and the offense level for the money laundering counts (27 points) would only be four points. The vulnerable victim adjustment therefore did not influence the length of Davis' sentence.

█ Finally, as Davis conceded at oral argument, he would have received a higher sentence under the 2001 Guidelines, in effect at the time of sentencing, than under the version that was applied by the district court. Because application of the 2001 Guidelines would have violated the Ex Post Facto Clause of the Constitution, the district court was required to use the version in effect on the date the defendant committed the offense. *See* U.S.S.G. § 1B1.11(b)(1) (2001). As the Guidelines from 1996, the latest year in which Davis' offense conduct was committed, and 2000 are identical in all relevant respects, we need not remand for recalculation.

**AFFIRMED.**